**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4231**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT H. POORE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, Chief District Judge. (2:06-cr-00177)

Submitted: September 5, 2007      Decided: September 24, 2007

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert H. Poore appeals his sentence to ninety-two months in prison and four years of supervised release after pleading guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). On appeal, Poore contends the district court erred by not fully considering the factors under 18 U.S.C. § 3553(a) (2000) after granting him an eight-level downward departure for substantial assistance, and his sentence at the low end of his guideline range is unreasonable because it is greater than necessary to comply with the purposes of sentencing. We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Although the guidelines are no longer mandatory, they must still be consulted and taken into account when sentencing. United States v. Booker, 543 U.S. 220, 264 (2005). A sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness). This presumption can only be rebutted by showing that the sentence is unreasonable when measured against the factors under 18 U.S.C. § 3553(a) (2000).

United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

"After Booker, sentencing requires two steps. First, the district court must consult the Sentencing Guidelines and correctly calculate the range provided by the Guidelines. Second, the court must consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence." United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006) (citations omitted). "In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "If an appropriate basis for departure exists, the district court may depart. If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a 'variance sentence')." Id.

On appeal, Poore contends the district court erred in its variance analysis, and his sentence at the low end of his guideline range is unreasonable because it is greater than necessary to promote respect for the law and provide just punishment for the offense. We disagree. After granting Poore an eight-level downward departure for substantial assistance to the Government, the district court properly considered the factors under § 3553(a) and reasonably concluded a sentence at the bottom of Poore's

departure range was necessary to promote respect for the law and deter him from future criminal conduct. The court further found the sentence was sufficient but not greater than necessary for the offense, taking into account the circumstances of the offense, Poore's history and characteristics, and the need for punishment.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>